IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Criminal Action No. 5:05CR64-02
                                                  (STAMP)
CHENOMUSA N-JIE,

       Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR NEW TRIAL**

I. Procedural History

Defendant Chenomusa N-Jie ("N-Jie") was charged with one count of conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana ("Count One") and named in a forfeiture allegation for approximately $4,123.00 related to illicit activity ("Forfeiture Allegation"). On May 18, 2006, a jury found the defendant guilty of Count One and found that the amount of $4,123.00 was proceeds derived from or traceable to Count One.

On May 25, 2006, the defendant filed a motion for a new trial on two grounds: First, the defendant argues that he was denied the right to exercise an intelligent peremptory challenge of a juror because the juror intentionally failed to answer a question truthfully in voir dire; second, the defendant argues that the government's attorney improperly instructed the jury in his closing statement at trial to place greater weight upon the testimony of police officers than that of the defendant. On June 5, 2006, the

United States filed a response in opposition to the defendant's motion. No reply was filed.

For reasons stated below, this Court finds that the defendant's motion is without merit and should be denied.[1]

## II. Discussion

When considering a motion for new trial made pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006)(internal quotation marks omitted). This Court proceeds accordingly.

A. Juror's Response to Voir Dire

The defendant contends that a juror who became the jury foreperson in this action improperly failed to respond to a question asked by this Court in voir dire. Specifically, counsel for the defendant claims that the jury foreperson's mother had previously sought representation from Helen L. Jackson-Gillison of the Gillison Law Offices, but was rejected. In addition, counsel for the defendant maintains that the jury foreperson had offered to pay a retainer fee of $1,500.00 to the Gillison Law Offices to

---

[1] It should be noted that the government has filed a motion for a preliminary order of forfeiture. This Court will address the motion for a preliminary order of forfeiture at the defendant's upcoming sentencing hearing, and therefore, the government's motion will not be discussed in this opinion.

secure representation for the jury foreperson's mother, but that the Gillison Law Offices declined to accept the retainer fee.  The defendant argues that the jury foreperson intentionally failed to answer a pertinent question concerning her involvement with the Gillison Law Offices because she was upset that the law firm refused to represent her mother.  The defendant contends that as a result, the defendant was unable to exercise a peremptory challenge to strike the jury foreperson who was prejudiced against the defendant's counsel.

In order to obtain a new trial for a prospective juror's alleged misrepresentation during voir dire, "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause."  McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984).  This Court finds that the defendant has failed to satisfy either element established by McDonough.

First, this Court finds nothing dishonest or improper in the jury foreperson's response to the voir dire questions pertinent to the defendant's motion.  This Court introduced the defendant's attorney, Edward L. Gillison, and indicated that Mr. Gillison was a member of Gillison Law Offices in Weirton, West Virginia.  This Court then asked of the jurors whether they or any member of their immediate family had been represented on a regular or retainer-fee

3

basis by any of the attorneys in this action, including Mr. Gillison. Finally, this Court asked whether any feelings, beliefs or attitudes regarding attorneys in this action would prevent a juror from rendering a fair and impartial trial in this case.

Even accepting the facts alleged in the defendant's motion as true, this Court does not believe that such facts required the jury foreperson to respond affirmatively to the voir dire questions at issue. According to the defendant's own motion, neither the jury foreperson nor her mother were ever represented by Mr. Gillison or anyone at the Gillison Law Offices. Similarly, neither the jury foreperson nor her mother were actually successful in their alleged attempts to retain the Gillison Law Offices. According to questions asked by this Court, the jury foreperson was not required to disclose that she and her mother tried but failed to retain counsel from the Gillison Law Offices.[2] Thus, her non-response was accurate, honest and proper.

---

[2] It should be noted that this Court conducted voir dire based on questions submitted by counsel and standard questions generally asked by this Court in comparable criminal cases. Prior to voir dire, the defendant filed proposed voir dire questions that included the question, "[d]o you know, or are any of you related to any of the attorneys in this case, or have you had any contact with them?" (Def.'s Proposed Voir Dire Docket No. 100.) Even if the Court had asked the defendant's proposed voir dire question verbatim, the jury foreperson's response would have been accurate, honest and proper. At the conclusion of the voir dire, the Court asked counsel if they desired the Court to ask any other questions. Defendant did not ask that the above earlier listed question or any related question be asked of the jury.

Even if the jury foreperson's challenged non-response had been improper, this Court does not believe that an affirmative response to the voir dire questions at issue would have established a valid basis for a challenge for cause as required by McDonough. "Challenges for cause are typically limited to situations where actual bias is shown." Person v. Miller, 854 F.2d 656, 664 (4th Cir. 1988). Where bias must be implied to justify a challenge for cause, "the doctrine of implied bias is limited in application to those extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." Id.; see e.g. Smith v. Phillips, 455 U.S. 209, 221-24 (1982)(indicating some circumstances in which a finding of implied bias might be appropriate).

Here, the defendant has failed to establish actual bias and he has not shown implied bias from the mere fact that the jury foreperson and her mother requested but were denied counsel from the Gillison Law Offices in a matter entirely unrelated to this criminal action. Phrased differently, the mere refusal to represent a juror's mother by a member of the defendant's counsel's law office and that law office's decision to decline to accept a retainer fee does not, without more, indicate a relationship from which an average person could not remain impartial. Accordingly,

5

the defendant has failed to show any bias, implied or otherwise, and consequently has not demonstrated a valid basis for a challenge for cause. As a result, the defendant's argument with regard to the jury foreperson's non-response to certain voir dire questions is without merit and cannot support a motion for a new trial.

B.   Prosecutor's Statement in Closing Argument

The defendant argues that during closing argument, Assistant United States Attorney ("AUSA") Randolph J. Bernard told jurors that they should not believe the testimony of the defendant over the testimony of police officers who testified as witnesses in this criminal action. Counsel correctly frames his argument pursuant to United States v. Loayza, 107 F.3d 257 (4th Cir. 1997), which sets forth the standards for determining whether a prosecutor's improper statements require a new trial. However, the defendant fails to demonstrate how any statement made by AUSA Bernard in closing argument satisfy the elements set forth in Loayza.

Under Fourth Circuit law, "it is improper for a prosecutor to directly express his opinion as to the veracity of a witness." Loayza at 262 (4th Cir. 1997)(emphasis added). Nevertheless, in order to obtain a new trial for improper comments made by a prosecutor during closing arguments, the defendant must not only show statements were improper, but must satisfy additional elements:

> . . . first, whether the comments misled the jury and prejudiced the appellant; second, were they isolated or

extensive; third, absent the remarks, what was the weight of the evidence against the accused; and fourth, were the prosecutor's remarks deliberate.

Loayza at 262.

Here, the defendant argues that the AUSA's statements were improper because they implied to the jurors that they should trust the testimony of law enforcement officers over the testimony of the defendant. This Court disagrees and finds that, as a threshold matter, the defendant has failed to show that the AUSA's statements at issue were improper.

In closing argument, the AUSA told the jury that they were to use common sense when weighing the testimony of the law enforcement officers. Before the AUSA had completed his sentence, the attorney for the defendant objected to the statement. Attorneys for both parties approached the bench to argue the objection, and the Court subsequently overruled the defendant's objection finding that the government attorney's statement was not improper because it did not attempt to argue what weight, if any, the jury should ascribe to testimony.

Having had the objection overruled, the AUSA repeated the beginning of his initial statement and completed the sentence by stating that the jury should use common sense in weighing the testimony of law enforcement officers against the testimony of the defendant for purposes of considering tapes entered into evidence at trial. This Court agrees with the assessment at trial of the

AUSA's statement and finds that the AUSA's directive for the jury to use its common sense in this case does not <u>directly</u> express an opinion as to the veracity of any witnesses as forbidden by <u>Loayza</u>. Consequently, this Court holds that the AUSA's challenged statement does not constitute an improper statement for purposes of granting a new trial.

Even if the AUSA's statements had been improper, the defendant has failed to satisfy the other factors set forth in <u>Loayza</u>. The defendant argues that the AUSA's statement was "misleading" because of this Court's jury charge, which included an instruction on credibility. This Court finds the AUSA's statement to be consistent with this Court's instruction that a law enforcement officer's testimony should not be treated as any more or less credible than that of any other witness simply because he is a law enforcement officer. Moreover, this Court specifically instructed jurors to weigh the testimony of all of the witnesses and to use common sense when reaching a verdict.

Next, the defendant argues that the AUSA's improper remarks were "extensive" because the AUSA repeated the offensive statement after the defendant had objected. This Court disagrees. The AUSA merely repeated and finished his statement after the defendant's objection was properly overruled. Counsel for the defendant made no other objections to statements in the AUSA's closing argument or rebuttal. Nor does the defendant allege that the government

challenged the veracity of any witnesses at any other time. Accordingly, this Court finds the challenged statement to be isolated and not extensive.

The defendant's counsel also argues that absent the remarks by the AUSA, the evidence against his client is not substantial. The United States responds in opposition, arguing that the challenged remarks concern only secondary testimony of law enforcement officers and do not affect the substantial and detailed trial testimony of the defendant's associates and co-conspirators. This Court agrees.

The AUSA's challenged statements concerned taped conversations that were actually introduced through the defendant's former associate and witness, Maurice Brown. Indeed, Mr. Brown testified as to the meaning of the taped conversations and drug transactions involving Mr. N-Jie, and Mr. Brown's testimony ultimately contradicted the subsequent testimony of the defendant. In addition, another former associate and witness, Jeffrey Mozingo, testified extensively as to drug transactions involving Mr. N-Jie. This Court finds that testimony from Mr. Brown and Mr. Mozingo, together with recorded evidence submitted by the government as well as the defendant's own testimony, provided substantial evidence to support a conviction in this case.

Finally, the defendant argues that the AUSA's challenged statements were deliberate, as evidenced by his continued

discussion of the allegedly improper subject. This Court agrees that the statements were deliberate in that the AUSA intended to argue that the jury should weigh the testimony of the law enforcement officers against that of the defendant. However, there is no evidence that the AUSA's statements were deliberately misleading or improper. Accordingly, the defendant cannot prevail on this or any of the elements set forth in Loayza. As a result, the defendant's argument with regard to the government's statement in closing argument is without merit and cannot support a motion for a new trial.

### III. Conclusion

For the reasons stated above, the defendant's motion for a new trial is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 2, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE