IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Crim. No. 5:05CR64-02

CHENOMUSA N-JIE,

        Defendant.

**REPORT AND RECOMMENDATION DEFENDANT'S MOTION
FOR EXTENSION OF TIME BE DENIED**

**I. INTRODUCTION**

On June 3, 2009, *pro se* litigant, Chenomusa N-Jie ("Defendant"), filed a Motion for Extension of Time to file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government did not respond to the Motion.

A.    Background

Defendant was charged with one count of conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana and named in a forfeiture allegation for approximately $4,123.00 related to illicit activity.[2] On May 18, 2006, a jury found Defendant guilty of the conspiracy count and found that the amount of $4,123.00 was proceeds derived from or traceable to the conspiracy count.[3] On May 25, 2006, Defendant filed a motion for a new trial.[4] This

---

[1] Dkt. No. 256.

[2] Dkt. No. 1.

[3] Dkt. Nos. 117 & 118.

[4] Dkt. No. 121.

1

motion was denied by the District Court on August 2, 2006.[5] Defendant was sentenced on August 16, 2006, to 78 months incarceration and four years supervised release.[6] On August 23, 2006, Defendant appealed to the United States Court of Appeals for the Fourth Circuit.[7] The Fourth Circuit affirmed the conviction and sentence on May 9, 2008.[8] Defendant filed the current motion on June 3, 2009.

B.  The Motions

Defendant's Motion for Extension of Time[9]

C.  Report and Recommendation

Because Defendant's Motion for Extension of Time fails to include a cognizable claim that may be construed as a § 2255 petition claim, it is RECOMMENDED that the Court DISMISS the motion for lack of subject matter jurisdiction. It is also recommended that because the one year period has expired, Defendant be advised that any § 2255 petition would be untimely.

## II.  MOTION FOR EXTENSION OF TIME

Federal prisoners have a one-year period of limitation to file a § 2255 petition. 28 U.S.C.A. § 2255(f) (West 2010). The limitation period runs from the latest of

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by

---

[5] Dkt. No. 147.

[6] Dkt. No. 154.

[7] Dkt. No. 157.

[8] Dkt. No. 207.

[9] Dkt. No. 256.

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The conviction becomes final in one of three ways:

> (1) if no direct appeal to the Fourth Circuit, the conviction becomes final 10 days after the Judgment and Commitment Order is entered; or
>
> (2) if the defendant appeals to the Fourth Circuit, the appeal is denied, and the defendant does not file a writ of certiorari petition to the U.S. Supreme Court, the conviction is final 90 days after entry of the Fourth Circuit's denial; or
>
> (3) if the defendant appeals to the Fourth Circuit, the Fourth Circuit denies, the defendant files a writ of certiorari petition to the U.S. Supreme Court, and the writ is denied, the conviction is final on the day certiorari is denied.

See Sherill v. United States, 2006 WL 462092 (W.D.N.C. 2006); Clay v. United States, 537 U.S. 522 (2003); United States v. Thomas, 203 F.3d 350 (5th Cir. 2000).

Because Defendant appealed to the United States Court of Appeals for the Fourth Circuit and did not file a writ of certiorari petition with the United States Supreme Court, Defendant's conviction became final 90 days after the entry of the Fourth Circuit's denial. The Fourth Circuit's denial was issued on May 9, 2008. Therefore, Defendant's conviction became final on August 7, 2008, and Defendant then had one year to file his § 2255 petition.

Rather than filing his § 2255 petition, Defendant filed a motion to extend the time to file the § 2255 petition. The motion for extension was timely; however, Defendant made no

3

subsequent filings and, specifically did not file a § 2255 petition, before the expiration of the one year period.

The issue of whether the Court can rule on a motion for extension of time without the litigant also filing a § 2255 petition is an issue of first impression for this Court. However, the Second Circuit previously answered this question and provides great instruction to this Court. Green v. U.S., 260 F.3d 78 (2d Cir. 2001). In Green, the defendant filed a motion to extend time to enlarge the time within which he could file a motion for relief pursuant to § 2255. Id. at 81. The Government opposed the motion arguing that the defendant's time had already expired. Id. Subsequently, the defendant filed a second motion requesting that the previous motion for extension of time be treated as a § 2255 petition. Id. The Government opposed this motion arguing untimeliness and, alternatively, that the defendant had not set forth sufficiently a claim for relief under § 2255. The district court agreed with the Government, and the defendant appealed.

The Second Circuit begins its analysis as to whether a district court may grant a motion for extension of time to file a § 2255 petition by examining two prior decisions. "In United States v. Leon, 203 F.3d 162 (2d Cir. 2000), [the Court] held that 'a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.'" Id. at 82. "Prior to an actual filing, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'" Id. (citing Leon, 203 F.3d, at 164). Therefore, for defendants who have yet to file a § 2255 petition, a federal court would not have jurisdiction to consider a defendant's motion to extend time. Id. The Court then turns to Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). In Smith, the Second Circuit joined the other

4

circuits holding that the "AEDPA's 'one year period [under 28 U.S.C. § 2244] is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period.'" Id. (citing Smith, 208 F.3d, at 17). However, tolling is to apply only in "rare and exceptional circumstances" and "only where the defendant has 'acted with reasonable diligence throughout the period he seeks to toll.'" Id. (citing Smith, 208 F.3d, at 17).

Taking the two cases, the Court first extends its Smith holding to 28 U.S.C. § 2255, concluding that the one year period is not a jurisdictional bar. Id. Second, the Court determines that two principles emerge from the precedent:

> a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period.

Id. at 82-83 (internal citations omitted).

The Court then turned its attention to whether a timely motion for extension of time could be construed as a § 2255 petition for purposes of timeliness under the AEDPA. Id. at 83. Realizing that *pro se* litigants are generally entitled to a liberal construction of their pleadings, the Court concluded that "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under Haines,[10] to treat that motion as a substantive motion for relief under section 2255." Id. Therefore, before the district court determines timeliness, the district court must determine whether the motion can substantively stand as a § 2255 petition. Id. If the motion fails substantively, then the district court lacks jurisdiction under Leon and

---

[10] Haines v. Kerner, 404 U.S. 519, 520 (1972).

cannot consider the motion.

Though the United States Court of Appeals for the Fourth Circuit has yet to decide this issue, the United States District Court for the Eastern District of Virginia, along with other courts,[11] has ruled on this issue and adopted the holdings of the Second Circuit.[12] Therefore, in compliance with the instructions of the Second Circuit, the Court must first consider the substance of Defendant's motion.

In his motion for extension of time, Defendant requests that his period for filing his § 2255 petition begin on April 23, 2009. Defendant argues that he was not notified of the denial of his appeal with the United States Court of Appeals for the Fourth Circuit until April 23, 2009. To support his contentions, Defendant attached to his motion two letters: (1) from Defendant to his attorney dated April 14, 2009, in which Defendant requests "(1) copy of the brief; [sic] (2) court order granting oral argument and, [sic] (3) court order and opinion for denying the appeal" and (2) from Defendant's attorney to Defendant dated April 23, 2009, in which Defendant's attorney informs the Defendant he has included a copy of the brief, docket sheet, and Fourth Circuit Judgment and per curiam opinion.

Mindful of the liberal construction *pro se* litigants are to receive, Defendant's motion for extension of time has two fatal flaws. First, Defendant's motion fails to include any substantive

---

[11] U.S. v. McFarland, 125 Fed.Appx. 573 (5th Cir. 2005); U.S. v. Moore, 56 Fed.Appx. 686 (6th Cir. 2003); In re Application of Wattanasiri, 982 F.Supp. 955 (S.D.N.Y. 1997); Paschal v. U.S., 2003 WL 21000361 (N.D.Ill. 2003); U.S. v. Backhoff, 2006 WL 2382176 (N.D.Fla. 2006).

[12] Ramirez v. U.S., 461 F.Supp.2d 439 (E.D.Va. 2006) (holding that the Court lacked jurisdiction to consider the motion to extend the deadline for defendant's filing of § 2255 petition. For the Court to have jurisdiction, the motion to extend must be either (1) filed concurrently with or after the motion to vacate or (2) construed as the motion to vacate itself).

argument to construe as a possible § 2255 argument. Defendant simply states that he was not informed of the denial of his appeal until April 23, 2009. Second, in Defendant's April 14, 2009 letter to his attorney, Defendant writes: "I have not upto [sic] date been able to confirm if you did address all of my issues at the oral argument as I had directed you. On or about late January 2009, I contacted you as for requesting the status of my appeal. You advised that the appeal was denied. Unfortunately, if I had not contacted you, I would have never known that my appeal was denied." Defendant admitted to knowing the status of his appeal in late January 2009, which left Defendant ample time to meet the August 7, 2009 deadline for filing a § 2255 petition. Therefore, Defendant's only argument made in his motion to extend time is bellied by his contentions in the April 14, 2009 letter.

Because Defendant's motion for extension of time fails to include a cognizable claim that may be construed as a § 2255 petition, it is RECOMMENDED that the Court DISMISS the motion for lack of subject matter jurisdiction. It is also recommended that because the one year period has expired, Defendant be advised that any § 2255 petition would be untimely.

Filing of objections does not stay this Report and Recommendation.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to transmit a copy of this Report and Recommendation to parties who appear *pro se* and any counsel of record, as applicable.

DATED: March 22, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE