IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               Criminal Action No. 5:05CR64-02
                                                    (STAMP)
CHENOMUSA N-JIE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME**

I. Background

On August 16, 2006, following a guilty jury verdict, the defendant was sentenced to seventy-eight months incarceration and four years supervised release for conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana. The defendant appealed to the United States Court of Appeals for the Fourth Circuit, but the defendant's conviction and sentence was affirmed on May 9, 2008.

Currently before the Court is the defendant's pro se[1] motion for extension of time to file a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government did not file a response. The motion was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

of Prisoner Litigation Procedure 83.15. On March 22, 2010, Magistrate Judge Seibert issued a report and recommendation that the defendant's motion be denied. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen days after being served with copies of the report. The defendant filed timely objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge and denies the defendant's motion for extension of time.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed:

The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. A conviction becomes final under the following circumstances:

> (1) if no direct appeal to the Fourth Circuit, the conviction becomes final 10 days after the Judgment and Commitment Order is entered; or
>
> (2) if the defendant appeals to the Fourth Circuit, the appeal is denied, and the defendant does not file a writ of certiorari petition to the U.S. Supreme Court, the conviction is final 90 days after entry of the Fourth Circuit's denial; or
>
> (3) if the defendant appeals to the Fourth Circuit, the Fourth Circuit denies, the defendant files a writ of certiorari petition to the U.S. Supreme Court, and the writ is denied, the conviction is final on the day certiorari is denied.

See Sherill v. United States, 2006 WL 462092 (W.D.N.C. 2006); Clay v. United States, 537 U.S. 522 (2003); United States v. Thomas, 203 F.3d 350 (5th Cir. 2000).

Based on a review of the record and the applicable law, and because the defendant appealed to the United States Court of Appeals for the Fourth Circuit, but did not file a writ of

3

certiorari with the United States Supreme Court, Magistrate Judge Seibert determined that the defendant's conviction became final on August 7, 2008. The defendant, therefore, had one year from that date to file his § 2255 petition. Rather than filing such a petition, however, the defendant filed a motion to extend the time to file his § 2255 petition. Following persuasive authority, therefore, the magistrate judge recommended that the defendant's motion be denied because the motion for extension of time fails to include a cognizable claim that may be construed as a § 2255 petition. This Court agrees.

Whether this Court can rule on a motion for extension of time without the defendant also filing a § 2255 petition is, as the magistrate judge noted, an issue of first impression. Nevertheless, this Court finds persuasive a decision from the United States Court of Appeals for the Second Circuit which holds that

> a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual 2255, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period.

Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001). Furthermore, the court concluded that "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, . . . to treat that motion as a substantive motion for relief under section 2255." Id. at 83.

If a motion for extension, however, fails to substantively include allegations sufficient for a § 2255 petition, then the district court lacks jurisdiction to consider the motion. Id. Several courts have adopted the holdings of the Second Circuit. See e.g. United States v. McFarland, 125 F. App'x 573 (5th Cir. 2005); United States v. Moore, 56 F. App'x 686 (6th Cir. 2003); In re Application of Wattanasiri, 982 F. Supp. 955 (S.D.N.Y. 1997); Paschal v. United States, 2003 WL 21000361 (N.D. Ill. 2003); United States v. Backhoff, 2006 WL 2382176 (N.D. Fla. 2006); Ramirez v. United States, 461 F. Supp. 2d 439 (E.D. Va. 2006).

Here, the defendant's motion for extension of time to file a § 2255 petition must be denied. First, the motion fails to include any substantive argument that can be construed as a possible § 2255 claim, and the defendant did not thereafter file any § 2255 petition. Second, in an April 14, 2009 letter to his attorney, the defendant admits to knowing the status of his appeal in late January of 2009, which left the defendant ample time to meet the August 7, 2009 deadline for filing a § 2255 petition. Accordingly, this Court must deny the defendant's motion for extension of time for lack of subject matter jurisdiction.

IV. Conclusion

For the reasons set forth above, and based on a de novo review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the defendant's motion for extension of time is DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within ten days after the date that the order in this case is entered.  See Fed. R. App. P. 4(b)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    April 13, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE